United States District Court
Southern District of Texas
**ENTERED**
September 30, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIK DAVIS, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-19-3119 |
| § | | |
| JOSEPH GALAGAZA, *et al.*, § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motions for Remand [Docs. # 4, # 5, and # 7] filed by Plaintiff Erik Davis, to which Defendants Joseph Galagaza and Jackson Lewis P.C. ("Jackson Lewis") filed a Response [Doc. # 6]. The Court has carefully reviewed the full record and the applicable legal authorities. Based on that review, the Court **grants** the Motions for Remand and **remands** this case to the 151st Judicial District Court of Harris County, Texas.

### I.   BACKGROUND

Plaintiff has a long history of litigation with Defendants. In 2009, Plaintiff brought a race discrimination suit against Protect Controls, Inc. ("PCI"). Plaintiff was represented in that lawsuit by attorney John Sekumade. PCI was represented by attorney Galagaza and the law firm of Jackson Lewis. The parties through counsel settled their dispute. PCI provided a check for Plaintiff's settlement funds to

Sekumade, who then filed a stipulation of dismissal with prejudice. Plaintiff alleges that Sekumade did not deliver the settlement funds to him.

In 2011, Plaintiff filed suit against Sekumade, seeking to recover the settlement funds from the 2009 suit. Sekumade did not appear and, in 2013, Plaintiff obtained a default judgment against him for over $1 million. It appears that Sekumade now lives in Nigeria and that Plaintiff has been unable to collect the default judgment.

In 2014, Plaintiff filed suit against Galagaza, Jackson Lewis, and PCI in the 151st Judicial District Court of Harris County, Cause No. 2014-66506 ("*Davis I*"), alleging misrepresentation and concealment of monies in connection with settlement of the 2009 suit. Among other things, Plaintiff alleged that he had not signed the settlement agreement, and that Defendants had "concealed" a benefits check that was part of a flexible spending account or ERISA plan. *See* Third Amended Petition [Doc. 2], ECF p. 325. Plaintiff asserted causes of action for fraud, intentional infliction of emotional distress, aiding and abetting breach of fiduciary duty, and civil conspiracy. *See id.* at ECF pp. 326-28. Plaintiff did not assert a separate ERISA claim or specifically seek ERISA-based damages. Plaintiff submitted a Fourth Amended Petition on March 21, 2016, but the state court judge in the 151st Judicial District Court denied Plaintiff's Motion for Leave to File that petition. *See* Order [Doc. # 1-3], ECF p. 12. After full discovery on the merits, the state court granted summary

judgment for Defendants and dismissed Plaintiff's claims with prejudice on April 4, 2016. On April 18, 2017, the Fourteenth Court of Appeals affirmed the dismissal.

On July 20, 2017, Plaintiff filed a new case in the 151st Judicial District Court of Harris County, Texas, Cause No. 2017-48122 ("*Davis II*"). Plaintiff asserted causes of action under ERISA, and sought monies he alleged Defendants owed him as part of a flexible spending plan or ERISA plan. *See* Plaintiff's Original Petition in *Davis II* [Doc. # 1-2 in Civil Action No. 17-2677]. Defendants removed *Davis II* to this Court, where it was assigned Civil Action No. 17-2677. Defendants filed a Motion for Summary Judgment, asserting that the new lawsuit was barred by *res judicata*. By Memorandum and Order entered April 13, 2018, the Court granted Defendants' Motion and dismissed Plaintiff's claims as barred by *res judicata*. By Memorandum and Order entered June 14, 2018, the Court denied Plaintiff's Motion for New Trial, holding again that the claims were barred.

On August 1, 2019, well more than three years after the Third Amended Complaint had been dismissed in April 2016, Plaintiff submitted for filing a Fifth Amended Petition in the original state court lawsuit, *Davis I*. The state court judge in the 151st Judicial District Court scheduled a September 16, 2019, hearing regarding whether to allow the amended petition to be filed. Prior to the hearing, on August 20,

2019, Defendants filed a Notice of Removal [Doc. # 1], and the hearing was passed. The removed case was assigned to the Hon. Ewing Werlein.

Plaintiff filed a timely Motion to Remand [Doc. # 4] on August 27, 2019, a second Motion to Remand [Doc. # 5] on September 3, 2019, and an "Emergency Motion to Remand" [Doc. # 7] on September 24, 2019. Defendants filed their Response [Doc. # 6], which included a Notice of Related Case and Motion to Transfer the case to the undersigned. By Order [Doc. # 8] entered September 26, 2019, Judge Werlein transferred this case to the undersigned as related to Civil Action 17-2677, *Davis II*. The Motions to Remand are now ripe for decision.

## II.     STANDARD FOR MOTION TO REMAND

The United States Supreme Court has "often explained that '[f]ederal courts are courts of limited jurisdiction.'" *Home Depot U.S.A., Inc. v. Johnson*, __ U.S. __, 139 S. Ct. 1743, 1745 (May 28, 2019) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Rasul v. Bush*, 542 U.S. 466, 489 (2004); *Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377); *Gonzalez*, 926 F.3d at 188. The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the

federal forum." *Id.* (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)); *Settlement Funding, L.L.C. v. Rapid Settlements, Limited*, 851 F.3d 530, 537 (5th Cir. 2017).

"To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Cormier v. Allstate Ins. Co.*, 2011 WL 13301127, *5 (E.D. Tex. Mar. 11, 2011).

### III. <u>ANALYSIS</u>

In this case, the live pleading in *Davis I* at the time of removal was the Third Amended Petition, filed January 3, 2016. Defendants assert that the Third Amended Petition does not include a federal claim, and this Court agrees. ERISA is mentioned, in a single paragraph of the 28-page Third Amended Petition, as "illustrat[ing] defendant's awareness of the fraudulent nature of the transactions" in connection with the settlement of race discrimination lawsuit, and one of the enumerated bases for applying the discovery rule for purposes of the statute of limitations. *See* Third Amended Petition [Doc. # 2], ECF pp. 326-27. Plaintiff did not, however, assert a separate ERISA claim or specifically seek ERISA-based damages.

The state court judge in *Davis I* has not granted leave for Plaintiff to file the Fifth Amended Petition, the pleading on which Defendants base their Notice of

Removal. It is not a cognizable pleading in *Davis I* and cannot support removal jurisdiction at this time. As a result, the case must be remanded because this Court lacks subject matter jurisdiction based on the claims in Plaintiff's Third Amended Petition.[1]

## IV. CONCLUSION AND ORDER

Based on the foregoing, Defendants base their Notice of Removal on claims asserted in a pleading for which leave to file has not been granted, and the Court lacks subject matter jurisdiction over the Third Amended Petition. As a result, it is hereby

**ORDERED** that Plaintiff's Motions for Remand [Docs. # 4, # 5, and # 7] are **GRANTED**. The Court will remand this case, for lack of subject matter jurisdiction, to the 151st Judicial District Court of Harris County, Texas, by separate order.

SIGNED at Houston, Texas, this 30th day of **September, 2019**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Following remand, the state court can decide whether to grant leave for Plaintiff to file his Fifth Amended Petition in a case that has been closed since April 2016, and the dismissal of which was affirmed by the court of appeals in April 2017. Should leave be granted, *Davis I* may become removable at that time. If removed, the case would be related to this case and to Civil Action No. 17-2677. Therefore, the judge to whom the case is randomly assigned may transfer the case to this Court.